19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifton CAMERON, Defendant-Appellant.
 No. 92-3873.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Clifton Cameron was convicted of possession of cocaine base ("crack") with intent to distribute, 21 U.S.C. Sec. 841(a)(1), and with aiding and abetting the same, 18 U.S.C. Sec. 2. On appeal, defendant argues that there was insufficient evidence to support his conviction and that the District Court failed to give a requested mere presence instruction. Defendant also argues that the District Court erred in sentencing when it failed to make findings concerning the reasons for denying defendant's request for a reduction in offense level under the Sentencing Guidelines because he was a minimal or minor participant in the crime, U.S.S.G. Sec. 3B1.2(a), (b). Finding no merit in any of these claims, we affirm.
 
 I.
 
 2
 Law enforcement authorities surveilled the Cleveland, Ohio residence of co-defendant Paul Tinson for two months. After obtaining a search warrant, the Caribbean Gang Task Force and the Special Weapons and Tactics Unit of the Cleveland Police Department raided Tinson's apartment. The search turned up approximately 40 grams of crack cocaine, large amounts of cash, and drug paraphernalia. At the time of the search, defendant, Tinson, a Mona Jones and her uncle John Jones were in the apartment; all four were indicted for possession of crack cocaine with intent to distribute and with aiding and abetting.
 
 
 3
 Prior to trial, there were two attempts on the part of the court to accept guilty pleas from defendant and Tinson. During the first attempt, Tinson indicated that he had changed his mind. During the second attempt, defendant would not admit that he was guilty of the crime charged. The jury returned guilty verdicts for defendant and Tinson. The court sentenced defendant to 97 months in prison. The judgment and sentence were entered on July 15, 1992. On August 20, 1992, defendant filed a motion for leave to file a delayed appeal, which the court granted.
 
 II.
 A.
 
 4
 Defendant argues that the District Court erred in denying his motion for judgment of acquittal because the United States presented insufficient evidence of the crime of conviction.
 
 
 5
 In reviewing the District Court's denial of a motion for judgment of acquittal, this Court considers the evidence as a whole, taken in the light most favorable to the prosecution, together with all legitimate inferences to be drawn therefrom, to determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 ... (1979) (emphasis in original). Moreover, "[c]ircumstantial evidence is entitled to the same weight as direct evidence in this calculus [of determining sufficiency]. United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985)."
 
 
 6
 United States v. Farley, 2 F.3d 645, 650 (6th Cir.), cert. denied, 114 S.Ct. 649 (1993).
 
 
 7
 In this case, there was ample evidence to support the jury's verdict that defendant was guilty of possession of crack cocaine with intent to distribute and aiding and abetting the same. Through the testimony of co-defendant John Jones, Special Agent Alex Vasquez and Detective Mike Baumiller, the United States established that the following events transpired on the night of the search: Defendant and Tinson were seated at the kitchen table, which was located next to a window. On the table was a plate that contained crack cocaine, additional loose crack cocaine, money and drug paraphernalia, including a scale. There was another plate containing crack sitting on the window sill. Tinson made sales of the crack to customers who came to the apartment. Both defendant and Tinson counted the money. When the law enforcement authorities arrived, defendant tossed the plate sitting on the sill out the window. Defendant was found to be in possession of over $800; Tinson was carrying $2,000.
 
 
 8
 Defendant attempts to argue that he presented evidence that the money in his possession did not come from drug sales, that it was not he who threw the plate from the window and that he was merely present at the time Tinson was conducting the drug sales. However, "[t]o sustain the jury's verdict, the evidence does not need to be inconsistent with every conclusion save that of guilt." United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988).
 
 B.
 
 9
 Defendant next argues that the District Court erred in failing to instruct the jury that defendant could not be convicted for mere presence at the scene of the crime. This argument borders on frivolous as the court gave the following instructions:
 
 
 10
 Possession of drugs can not be found solely on the ground that the Defendant was near or close to the drugs. Nor can it be found simply because the Defendant was present at the scene where drugs were involved or solely because the Defendant associated with a person who does control the drugs or the property where they are found....
 
 
 11
 Second Trial Tr. at 255 (quoted in Gov't Br. at 13). On the aiding and abetting charge, the court stated as follows:
 
 
 12
 For you to find either Defendant guilty of possessing a controlled substance with intent to distribute it, it is not necessary for you to find that he personally committed the crime himself.
 
 
 13
 You may also find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.
 
 
 14
 ....
 
 
 15
 What the Government must prove is that the Defendant did something to help the crime with the intent that the crime be committed.
 
 
 16
 ....
 
 
 17
 A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.
 
 
 18
 You can consider this in deciding whether the Government has proved that he was an aider and abettor, but without more, it is not enough.
 
 
 19
 The mere presence of a Defendant where a crime is being committed, even coupled with the knowledge by a Defendant that a crime is being committed or mere acquiescence by a Defendant in the criminal conduct of others even with guilty knowledge is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.
 
 
 20
 Id. at 258-60 (quoted in Gov't Br. at 14-15).
 
 C.
 
 21
 Pursuant to section 3B1.2 of the Guidelines, U.S.S.G. Sec. 3B1.2, a defendant who played a minimal or minor role in the crime is entitled to a reduced sentence.[1] A defendant bears the burden of proving mitigating factors that warrant a sentence reduction by a preponderance of the evidence. United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). "A defendant's status as a minimal or minor participant is a factual finding which is protected by the clearly erroneous standard." United States v. Anders, 899 F.2d 570, 580 (6th Cir.), cert. denied, 498 U.S. 990 (1990). "The Guidelines require the sentencing court to make factual determinations which depend upon an assessment of the broad context of the crime." Id.
 
 
 22
 Defendant contends that the District Court failed to make factual findings as whether he played a minimal or minor role in the offense. After defendant's counsel had advanced argument why defendant should receive the reduction for his role in the offense, the District Court stated that based on the evidence it heard during trial, defendant was not entitled to that reduction. Keeping in mind that defendant was sentenced only on the basis of the cocaine found at the time of arrest, the District Court's conclusion that he was a major participant in the possession of that cocaine with intent to distribute or aiding and abetting Tinson was not clearly erroneous. Although it would have been preferable for the district judge to state briefly why he was denying the reduction, we see no need to remand for a statement of reasons in view of the presentence report and the evidence he heard at trial.
 
 
 23
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 Mitigating Role
 Based on the defendant's role in the offense, decrease the offense level as follows:
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 In cases falling between (a) and (b), decrease by 3 levels. U.S.S.G. Sec. 3B1.2.